PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CHARLES E. LAWTON, Defendant and Appellant; JUAN COMAS VERA, ETC., Intervener and Appellee.

No. 5189. Argued June 12, 1933.—Decided June 14, 1933.

*F. Soto Grass* and *R. Díaz Collazo* for appellant. *J. Valldejuli Rodríguez* for intervener-appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

An appeal having been taken in a criminal case from a judgment of conviction of a violation of the Banking Law, the appellant applied to the district court for exemption from the payment of the stenographer's fees for the transcript of the evidence for his appeal. The stenographer who was to prepare the transcript opposed said application and the court by an order denied the same. An appeal has been taken from that order, and we are asked by the stenographer to dismiss the appeal on the ground that said order is not appealable.

Section 347 of the Code of Criminal Procedure provides that an appeal may be taken by the defendant from a final judgment of conviction; from an order denying a motion for a new trial; and from an order made after judgment, affecting the substantial rights of the party. There is no doubt that the order in the instant case was made after judgment; consequently, it becomes necessary to decide whether the denial of said application affects the substantial rights of the appellant and is therefore appealable.

Inasmuch as the law grants a defendant the right to appeal from a judgment of conviction, and the appellant is entitled under the law to submit to us the evidence introduced at the trial by means of a transcript thereof prepared by the stenographer; and since he has also the right to be relieved in proper cases by the trial court from the payment of the fees granted by law to the stenographer for preparing the transcript, it seems indisputable to us that the refusal of such an exemption affects the substantial right assisting a defendant to bring before us the evidence in his appeal from the judgment of conviction, for without such evidence we would be precluded from determining whether it was insufficient for his conviction, nor could the appellant put forward the questions of law arising therefrom. We think, therefore, that the order appealed from in this case affects the defendant's substantial right of appeal. Though the question of whether or not the stenographer's fees should be paid is involved in this case, this does not render the question a civil one, since the result affects an appeal in a criminal case.

For the reasons stated the motion to dismiss must be denied.